# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **VIRGINIA CONKLIN,** and **ALYSON CLARK,**<br><br>Plaintiffs,<br><br>*v.*<br><br>**1-800 FLOWERS.COM, INC.**<br><br>Defendant. | Case No.  2:16-cv-675<br><br>**DISTRICT JUDGE**<br><br>**MAGISTRATE JUDGE** |

## COMPLAINT

Plaintiffs, Virginia Conklin and Alison Clark, individually and on behalf of all others similarly situated, bring this action against 1-800 Flowers.com, Inc. ("800 Flowers"), and state as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action, individually and on behalf of all others similarly situated, to recover monetary damages, liquidated damages, interest and costs, including reasonable attorneys' fees and costs, as a result of 800 Flowers' willful violation of: the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the Ohio Minimum Fair Wage Standards Act, O.R.C. ch. 4111 ("OWA") and the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA") (together, the "Ohio Acts"), and also to recover on breach of contract claims.

1

2. 800 Flowers intentionally did not pay its employees for time they worked at the 800 Flowers call center in Ohio and at other 800 Flowers call centers across the nation.

3. These violations are widespread throughout 800 Flowers and continuing.

**JURISDICTION AND VENUE**

4. This Court has original jurisdiction to hear this action and to adjudicate the claims under 28 U.S.C. § 1331, because this action is brought under federal law, the FLSA, 29 U.S.C. §§ 201, *et seq*.

5. The Court has supplemental jurisdiction over the related Ohio state-law claims under 28 U.S.C. § 1367(a).

6. Venue is proper in this Court because 800 Flowers operates facilities in this district and because a substantial part of the events giving rise to the claims occurred in this district.

7. The Eastern Division is a proper division of this Court because 800 Flowers operates facilities in Licking County and a substantial part of the events giving rise to the claims occurred there.

**THE PARTIES**

8. Plaintiff Virginia Conklin is a citizen of Ohio who resides in Roseville, Muskingum County. 800 Flowers employed her as a nonexempt hourly paid

Customer Service Representative ("CSR") from July 6, 2015 to February 21, 2016. 800 Flowers paid her $10.25 per hour. Attached as Ex. 1 is her consent to sue.

9. Plaintiff Allison Clark is a citizen of Ohio who resides in Newark, Licking County. 800 Flowers employed her as a nonexempt hourly paid Priority Voice Specialist ("PVS") from July 2015 until January 2016. 800 Flowers paid her $10.25 per hour. Attached as Ex. 2 is her consent to sue.

10. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b), and as a class action pursuant to Fed. R. Civ. P. 23.

11. Defendant 1-800-Flowers.com, Inc. is a publicly traded corporation organized under the laws of Delaware. Its principal offices are located at One Old Country Road, Carle Place, New York. It is a leading provider of gourmet food and floral gifts for all occasions.

**FACTUAL BACKGROUND**

12. 800 Flowers operates warehouse, distribution center, and call center facility at 500 Reliance Drive, Hebron, Ohio.

13. The named Plaintiffs worked at the Hebron location.

14. The named Plaintiffs and the others class members are former and current call center employees, with job titles such as Customer Service

Representative, Priority Voice Specialist, or other job titles. For purposes of this Complaint, the term "CSR" will represent all such employees.

15. They all perform similar job duties, namely: answering customer calls, assisting customers with orders, processing refunds, tracking orders, and otherwise responding to customer issues.

16. Throughout their employment, 800 Flowers required its CSRs to work off the clock. Specifically, 800 Flowers managers required CSRs to report to work 15 to 30 minutes prior to the start of their shifts, so that they would be able to boot up their computers and log on to programs. This allowed them to answer customer calls as soon as their nominal shifts started. 800 Flowers managers required CSRs to work off the clock for 15 to 30 minutes after CSRs' shifts ended, so that they could log out of programs and shut down computers. CSRs were required to respond to customer calls all the way to end of their shifts.

17. This off-the-clock work repeated itself every shift.

18. 800 Flowers' national management set this policy of requiring its CSRs to perform off-the-clock work.

19. Specifically, the named Plaintiffs' trainers, Janet Conklin and "Tracy," told the named Plaintiffs that 800 Flowers corporate management in New York required all CSRs to be at a workstation around 30 minutes prior to the start of scheduled shift.

20. Off-the-clock work at call centers is so rampant that the U.S. Department of Labor issued Fact Sheet #64 in July 2008 to alert call center employees to some of the abuses that are prevalent in the industry. One of those abuses, occurring in this case, is an employer's refusal to pay for work "from the beginning of the first principal activity of the workday to the end of the last principal activity of the workday." (Ex. 3, DOL Fact Sheet #64, at 2.)

21. Part of the reason for 800 Flowers' off-the-clock policy is that the company does not assign CSRs to a specific workstation. Accordingly, before their shift started, CSRs would have to find a desk to work at for their scheduled shift. CSRs were not paid for this time.

22. 800 Flowers benefited from this off-the-clock work because it provided uninterrupted coverage and shorter hold times when its customers called a CSR. It also permitted 800 Flowers to provide the same service with fewer employees.

23. Based upon information and belief, 800 Flowers can show exactly how much off-the-clock time its CSRs worked, because it required CSRs to use security badges to enter the building and call center work area.

24. 800 Flowers' compensation policies and practices deprived Plaintiffs of wages that were owed for pre- and post-shift off-the-clock work. In workweeks where Plaintiffs worked 40 hours or more, the same policies and practices also

deprived Plaintiffs of overtime pay at the rate of one and one-half times their regular rate of pay as required by the FLSA and the OWA.

25. For example, a typical paystub for Plaintiff Conklin shows:

| | |
|---|---|
| **Business name:** | 1-800 FLOWERS TEAM SERVICES, INC. |
| **Check date** | August 13, 2015 |
| **Period beginning** | July 27, 2015 |
| **Period ending** | August 9, 2015 |
| **Regular pay rate** | $10.25 |
| **Overtime rate** | $15.375 |
| **Regular hours worked** | 80.00 |
| **Overtime hours worked** | 0.18 |

(Ex. 4, redacted paystub.)

26. However, 800 Flowers failed to pay her for being required to appear at work 30 minutes prior to her scheduled shift and for the 30 minutes it took her to log out of programs and her computer at the end of her shift.

27. Thus, 800 Flowers failed to pay her overtime for an additional 10 hours she worked during that pay period. Accordingly, in violation of both the FLSA and OWA, 800 Flowers shorted her pay by $153.75 in overtime wages for that pay period.

28. At all times, 800 Flowers employed the named Plaintiffs and class members, controlled their work, duties, protocols, applications, assignments,

conditions of their employment and scheduled their shifts, including requiring them to work off-the-clock.

29. The time spent booting up the computers, logging into programs, logging out of programs and computers was necessary for all CSRs in performing their jobs and was required by and solely benefited 800 Flowers.

30. Based upon information and belief, 800 Flowers employed approximately 200 CSRs at its Ohio call center location, and thousands nationwide.

31. At all times relevant, 800 Flowers maintained control, oversight, and direction over the named Plaintiffs and class members, including its creation and enforcement of policies and practices affecting the payment of wages and overtime wages.

32. Upon information and belief, and in violation of 29 C.F.R. §§ 516.5 & 516.6 (the FLSA's recordkeeping regulations) and O.R.C. § 4111.08 (similar), 800 Flowers failed to keep full and accurate records of the named Plaintiffs and class members' hours and wages.

33. 800 Flowers' violations of FLSA and OWA were willful and not in good faith because, among other things, it blatantly ignored Department of Labor warnings about paying CSRs for the overtime hours they worked.

34. 800 Flowers' wrongful acts, as alleged herein, were not made in conformity with or reliance upon any written administration, regulation, order, ruling, interpretation, or approval by DOL or other enforcement agency.

**FLSA AND OWA COVERAGE ALLEGATIONS**

35. At all times relevant, the named Plaintiffs were "employees" of 800 Flowers as both the FLSA and the OWA define that term.

36. 800 Flowers is an "employer" under the FLSA and the OWA and employed the named Plaintiffs.

37. 800 Flowers earned net revenues of more than $1.1 billion in 2015 and it was engaged in commerce or in the production of goods for interstate commerce.

38. Accordingly, 800 Flowers is covered under the provisions of the FLSA and the OWA.

39. 800 Flowers is subject to "enterprise liability" under the FLSA and the OWA.

40. The named Plaintiffs are not exempt from the coverage of the FLSA or the OWA.

**COLLECTIVE ALLEGATIONS; CLASS ACTION ALLEGATIONS**

41. The named Plaintiffs bring this action individually and on behalf of various class members. All of these class members are or were affected by 800

8

Flowers' willful and intentional violation of the FLSA, the OWA, or both, as described in this Complaint.

42. The named Plaintiffs bring this action for violations of the FLSA as a collective action under 29 U.S.C. § 216(b).

43. The named Plaintiffs bring this action for violations of the Ohio Acts and for common-law breach of contract as a Fed. R. Civ. P. 23 class action.

44. The "FLSA Collective Action Class" is defined as:

> **All call center "Customer Service Representatives," or similar job title, employed by 1-800-Flowers.com, Inc. anywhere in the United States or its territories, who were not paid for the overtime hours they worked.**

45. The "Ohio Rule 23 Class" is defined as:

> **All Ohio call center "Customer Service Representatives," or similar job title, employed by 1-800-Flowers.com, Inc., who were not paid for all the hours they worked.**

46. This action is properly brought as a collective action under the FLSA because the members of the FLSA Collective Action Class are "similarly situated." 29 U.S.C. § 216(b).

47. This action is properly brought as a Rule 23 class action because the claims held by the Ohio Rule 23 Class satisfy the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of a class action under Rule 23.

9

48. *Numerosity:* The Ohio Rule 23 Class meets the numerosity requirement of Rule 23(a)(1) because 800 Flowers employed numerous CSRs in Ohio while subjecting them to working over 40 hours without overtime compensation. The precise number of Class members should be readily available from a review of 800 Flowers' personnel, scheduling, time, payroll, and billing records, and from input received from the Class members, but it is believed to exceed 200 members.

49. *Commonality:* The Ohio Rule 23 Class meets the commonality requirement of Rule 23(a)(2) because 800 Flowers engaged in a common course of conduct that violated the legal rights of the Classes. Any question presented by an individual Class member's claim will be far less central to this litigation than the numerous common questions of law and fact applicable to Class claims, including but not limited to:

  a. Class members' job duties.

  b. Whether 800 Flowers subjected Class members to similar off-the-clock demands.

  c. Whether 800 Flowers subjected Class members to common compensation policies.

  d. Whether 800 Flowers failed to pay Class members wages for all hours worked.

  e. Whether the Ohio Acts required 800 Flowers to pay overtime, exemplary damages, attorney fees, costs, and interest to Class members.

    f.  Whether Ohio's common law of contract requires the payment of unpaid wages and other damages to Class members.

50. *Typicality:* The Ohio Rule 23 Class meets meet the typicality requirement of Rule 23(a)(3) because 800 Flowers employed the named Plaintiffs and all Class members to perform similar job duties, to suffer similar requirements to work off the clock, and to perform that work without proper pay or overtime compensation.

51. *Adequacy:* The Ohio Rule 23 Class meets the fair and adequate representation requirement of Rule 23(a)(4) because there is no apparent conflict of interest between the named Plaintiffs and other Class members, and because the named Plaintiffs' attorneys have successfully prosecuted many complex class actions, including wage and hour class and collective actions, and will adequately represent the interests of Plaintiffs and the Class members.

52. *Predominance:* The Ohio Rule 23 Class meets the predominance requirement of Rule 23(b)(3), because issues common to the Class– namely, whether 800 Flowers paid the Class' properly for hours worked –predominate over any questions affecting only individual members.

53. *Superiority:* The Ohio Rule 23 Class meets the superiority requirement of Rule 23(b)(3) because allowing the parties to resolve this controversy through a class action would permit a large number of similarly situated persons to

prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would require.

54. Given the material similarity of the Ohio Rule 23 Class members' claims, class treatment is superior. Individual litigation of the legal and factual issues presented by the Defendant's actions would cause delay, significant duplication of efforts, and a waste of resources. Proceeding as a class action should be more efficient in terms of the attorney fees incurred on each side of the case, permit the efficient supervision of Class claims, and result in a binding, uniform adjudication of common issues.

55. *Manageability:* Rule 23(b)(3)(D) requires the Court to consider whether there are likely difficulties in managing a class action. The named Plaintiffs believe that a class action can be easily managed by sending the Ohio Rule 23 Class notice at the same time that notice will be sent to all members of the FLSA Collective Action Class. Because the claims overlap factually and legally, there should be efficient judicial treatment of Ohio plaintiffs' claims in a Rule 23 class.

**CONSTRUCTION**

56. This Complaint should be construed so as to incorporate all relevant allegations above into each legal count below. *See* Fed. R. Civ. P. 8(e).

## COUNT 1: VIOLATION OF THE FLSA—FAILURE TO PAY OVERTIME
### (Brought by the named Plaintiffs and the FLSA Collective Action Class)

57. 800 Flowers required the named Plaintiffs and class members to work more than 40 hours in a workweek.

58. 800 Flowers required the named Plaintiffs and class members to work without proper compensation.

59. 800 Flowers failed to pay the named Plaintiffs and class members wages for each hour worked.

60. 800 Flowers failed to pay the named Plaintiffs and class members overtime compensation for hours worked beyond 40 in a workweek.

61. 800 Flowers violated the FLSA by failing to pay the named Plaintiffs and class members overtime compensation at the rate of one and one-half for all hours worked in excess of 40 in a workweek.

62. 800 Flowers willfully violated the FLSA, subjecting these claims to a three-year statute of limitations under 29 U.S.C. § 255.

63. As a result of 800 Flowers' FLSA violations, the named Plaintiffs and class members were illegally deprived of their earned wages, entitling them to unpaid wages, liquidated damages, pre-judgment interest, costs, reasonable attorneys' fees and other compensation under 29 U.S.C. § 216(b).

## COUNT 2: VIOLATION OF THE OHIO ACTS
### (Brought by the named Plaintiffs and the Ohio Rule 23 Class)

64. 800 Flowers violated and continues to violate the Ohio Acts because of its willful failure to compensate the named Plaintiffs and class members on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. O.R.C. § 4113.15(A).

65. As described above, the named Plaintiffs and class members were not paid regular and overtime wages within 30 days of performing work. O.R.C. § 4113.15(B).

66. 800 Flowers' conduct and practice was willful, intentional, unreasonable, and in bad faith.

67. As a result, the named Plaintiffs and class members suffered harm. They are entitled to an award of six percent interest on all available compensatory damages, including, among other damages, all unpaid wages that remain unpaid for more than 30 days after the work was performed.

## COUNT 3: BREACH OF CONTRACT
### (Brought by the named Plaintiffs and the Ohio Rule 23 Class)

68. The named Plaintiffs, class members, and 800 Flowers entered into a contract whereby the named Plaintiffs and class members would perform work and 800 Flowers agreed to pay them their hourly rate for work performed.

69. The named Plaintiffs and class members met their obligations of performing work, including the off-the-clock worked described herein.

70. 800 Flowers breached the contract by failing to pay the named Plaintiffs and class members for the off-the-clock work they performed.

71. As a direct result of 800 Flowers' breach, the named Plaintiffs and class members suffered damages in amount of lost wages.

72. Accordingly, the named Plaintiffs and class members are entitled to compensatory damages and an award of pre- and post-judgment interest at the applicable legal rate.

## PRAYER FOR RELIEF

Plaintiffs demand:

a. Compensatory damages, namely, the amount of all wages not paid for all hours Plaintiffs worked.

b. Compensatory damages, namely, the amount of unpaid overtime wages calculated at the rate of one and one-half of each Plaintiff's regular rate multiplied by all hours worked in excess of 40 hours per week.

c. Liquidated damages in an amount equal to the amount of unpaid overtime wages.

d. A declaration that Defendant's wage practice alleged herein violates the FLSA and its regulations.

e. A declaration that through the wage practice alleged herein, the Defendant willfully violated the FLSA and its regulations.

f. A declaratory judgment that Defendant's wage practice alleged herein violates the Ohio Acts and their regulations.

g. That this action be certified as a collective action under 29 U.S.C. § 216(b) with respect to the FLSA claims (Count 1 only).

h. That this action be certified as a Fed. R. Civ. P. 23 class action with respect to the Ohio Acts and common law claims (Counts 2 and 3 only).

i. Incentive awards for the named Plaintiffs.

j. Pre- and post-judgment interest on all damages.

k. Attorney fees, in accordance with the FLSA and the Ohio Acts.

l. Such further relief as this court deems appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury on all triable issues.

Respectfully submitted,

Dated: July 12, 2016

_____
William F. Cash III (Ohio Bar No. 84482)
*Trial Counsel for the Plaintiffs*
Brandon L. Bogle (*Pro hac vice* application forthcoming)
**LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.**
316 South Baylen Street, Suite 600
Pensacola, Florida 32502
Phone: (850) 435-7059
bcash@levinlaw.com
bbogle@levinlaw.com

David H. Grounds (Minn. Bar No. 285742)
Timothy J. Becker (Minn. Bar No. 256663)
Molly E. Nephew (Minn. Bar No. 397607)
(*Pro hac vice* applications forthcoming)
**JOHNSON BECKER, PLLC**
4444 Cedar Street, Suite 1800
St. Paul, Minnesota 55101
Phone: (612) 436-1800
Fax: (612) 436-1801
dgrounds@johnsonbecker.com
tbecker@johnsonbecker.com
mnephew@johnsonbecker.com

*Counsel for the Plaintiffs*