IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| VIRGINIA CONKLIN, *et al.*, | ) CASE NO. 2:16-cv-675-ALM-EPD |
| Plaintiff, | ) )  JUDGE ALGENON L. MARBLEY |
| v. | ) ) |
| 1-800 FLOWERS SERVICE SUPPORT CENTER, INC., | ) **DEFENDANT'S MOTION TO DISMISS CLAIMS** ) **OF REPRESENTATIVE PLAINTIFF VIRGINIA** |
| Defendant. | ) **CONKLIN AND OPT-IN PLAINTIFFS,** ) **AND MEMORANDUM IN SUPPORT** |

Defendant 1-800 Flowers Service Support Center, Inc. ("Defendant") hereby moves pursuant to Fed. R. Civ. P. 37(d) and 41(b) to dismiss the claims asserted by Representative Plaintiff Virginia Conklin and Opt-In Plaintiffs Robin Stoneking, Brittney McConaha, Jesse Dauth, Sharon Gore, Gail Rock, and Monica Hadnot for failure to appear at their respective depositions and to prosecute their claims.

In support of this Motion, Defendant submits the following Memorandum in Support.

## MEMORANDUM IN SUPPORT

### I.   Introduction

The parties have been cooperating in their respective discovery efforts for several months.   As part of such discovery, Defendant issued Notices of Deposition to take the depositions of Representative Plaintiff Virginia Conklin and Opt-In Plaintiffs Robin Stoneking, Brittney McConaha, Jesse Dauth, Sharon Gore, Gail Rock, and Monica Hadnot.  Each of these Notices provided that the deposition would be conducted on a particular date and time, or, in the alternative (to be as accommodating as possible), "otherwise on a date and at a time to be agreed upon by the parties."  All of these individuals were aware that they may be required to appear for their depositions in this matter.

Plaintiffs' counsel and Defendant's counsel subsequently negotiated dates and times for the depositions of Conklin and Stoneking.  Defendant's counsel prepared to take each of these depositions, and traveled to attend them.  However, Conklin and Stoneking failed to show up. According to Plaintiffs' counsel, Conklin – who initiated this lawsuit – had not responded to any of her attorney's communications in months, while no explanation was ever given for Stoneking's failure to attend her deposition.

Defendant also issued Notices of Deposition to McConaha, Dauth, Gore, Rock, and Hadnot.  However, these individuals were also unresponsive and failed to provide dates when they could be deposed.

Accordingly, Defendant now moves pursuant to Fed. R. Civ. P. 37(d) and 41(b) to dismiss the claims of Conklin, Stoneking, McConaha, Dauth, Gore, Rock, and Hadnot for failure to appear at their respective depositions and to prosecute their claims.

## II.      Statement of Facts

### A.      Representative Plaintiff Virginia Conklin Failed to Appear for Her Deposition

In June 2018, Defendant's counsel requested dates from Plaintiffs' counsel to take Conklin's deposition. (The Declaration of Daniel L. Messeloff, Esq. is attached as Exhibit 1, ¶ 4.)

On June 14, 2018, Plaintiffs' counsel informed Defendant's counsel that Conklin "is available to sit for her deposition on Monday, July 16, 2018, beginning at 10:00 AM. Please serve a deposition notice reflecting this information and specifying the location that you will be taking her deposition so that we can let her know." (*Id*. at ¶ 5.)

The parties subsequently discussed other dates on which Conklin may be available. (*Id*. at ¶ 6.)  On June 29, 2018, Defendant's counsel asked Plaintiffs' counsel, "[p]er our recent discussion, please . . . let us know early next week if [] Conklin is available for her deposition on July 19 or July 20." (*Id*.)

2

On July 3, 2018, Plaintiffs' counsel responded, "[u]nfortunately, Ms. Conklin has gone MIA (missing in action) and has not been responsive since June 14, 2018. . . ." (*Id.* at ¶ 7.)

On July 6, 2018, Plaintiffs' counsel confirmed that Conklin "is still MIA." (*Id.* at ¶ 8.)

On July 12, 2018, in response to the fact that Conklin was "still MIA," Defendant's counsel told Plaintiffs' counsel,

> we will need to notice her deposition at some point, and if she does not appear, we will have no alternative but to proceed accordingly. As such, we have . . . attached a Notice of Deposition for Ms. Conklin's deposition for next Thursday morning, July 19, at 10:00 a.m.  Please let us know as soon as possible if she will be able to make it.

(*Id.* at ¶ 9; a copy of Conklin's Notice of Deposition is attached to the Messeloff Declaration as Exhibit E-1.)

Later on July 12, 2018, Plaintiffs' counsel said she "understood about Ms. Conklin, I'll let you know if we *ever* hear back from her." (*Id.*, at ¶ 10.) (emphasis added.)

On July 17, 2018, Plaintiffs' counsel informed Defendant's counsel that "Ms. Conklin is still MIA.  Given her conduct, I assume she will not be attending her deposition, but I cannot and will not say that for sure. We will continue to try to reach her until Thursday at 10 AM." (*Id.* at ¶ 11.)

On July 19, 2018, counsel for both parties appeared for Conklin's deposition, but Conklin herself failed to show up. (*Id.* at ¶ 12.)  The parties read the following statement into the record:

> MR. MESSELOFF: This is Dan Messeloff, counsel for Defendant 1-800 Flowers Service Support Center in the lawsuit that was filed by Plaintiff Virginia Conklin. Today is Thursday, July 19th.  It is now approximately 10:16 a.m.  We had issued a Notice of Deposition for Ms. Conklin for today, beginning at 10:00 a.m., and I will note for the record that Ms. Conklin is not here and has failed to appear for her deposition.  Counsel for Defendant is here.  Defendant's representatives are here.  Counsel for Plaintiff is here. And again, Ms. Conklin herself is not here.
>
> Ms. Nephew, when is the last time that you – I forget what you had said, when's the last time you communicated with Ms. Conklin?

> MS. [Molly] NEPHEW [Plaintiffs' counsel]: I believe it was on – let me actually pull it up so I can give you an exact date. It was on Thursday, June 14th, 2018.
>
> MR. MESSELOFF: So Ms. Conklin has been uncommunicative with her attorney since that time. And so again, I will note for the record that Ms. Conklin has failed to appear for her own deposition.
>
> For the record, I will simply introduce once one exhibit, which is the Notice of Deposition that required Ms. Conklin to appear today, Thursday, July 19th, beginning at 10 a.m. for her deposition.

(*Id*.; a copy of the Statement is attached to the Messeloff Declaration as Exhibit H.) Upon information and belief, to date, Conklin has still failed to communicate with her attorney, and Defendant has never been provided with an explanation as to why Conklin failed to appear for her deposition. (*Id*. at ¶ 13.)

### B. Opt-In Plaintiff Robin Stoneking Failed to Appear for Her Deposition

On June 15, 2018, Defendant's counsel requested dates from Plaintiffs' counsel to take Stoneking's deposition, among other Opt-In Plaintiffs. (*Id*. at ¶ 14.)

On July 20, 2018, Plaintiffs' counsel informed Defendant's counsel, "we just heard back from Robin Stoneking and she is available Wednesday, July 25th from 3:30 p to 5 p." (*Id*. at ¶ 15.) Later that day, Defendant's counsel issued a Notice of Deposition to Plaintiffs' counsel to take Stoneking's deposition. (*Id*.; a copy of Stoneking's Notice of Deposition is attached to the Messeloff Declaration as Exhibit J-1.)

On July 24, 2018, Plaintiffs' counsel informed Defendant's counsel, "I just got off the phone with Robin Stoneking and she had an emergency come up where she will not be able to be deposed tomorrow. She will be available on Monday, July 30 . . ." (*Id*. at ¶ 16.) Later that day, Plaintiffs' counsel again confirmed Stoneking's deposition for July 30, 2018. (*Id*.)

Accordingly, on July 26, 2018, Defendant issued an Amended Notice of Deposition for Stoneking's deposition, to be conducted – as the parties agreed – on July 30, 2018. (*Id.* at ¶ 17; a

copy of Stoneking's Amended Notice of Deposition is attached to the Messeloff Declaration as Exhibit L-1.)

On July 30, 2018, counsel for both parties appeared for Stoneking's deposition. (*Id.* at ¶ 18.)  However, like Conklin, Stoneking failed to show up. (*Id.*)  The parties read the following statement into the record:

> MR. MESSELOFF: We are on the record. It is now 4:25 p.m. on Monday, July 30th. Defendant had noticed the deposition of Robin Stoneking for 4 o'clock, 4 p.m. today.  We have waited now for 25 minutes for Ms. Stoneking, and she has failed to appear for her deposition. Accordingly, we reserve all of our rights with respect to Ms. Stoneking's claim.
>
> MS. NEPHEW: I have no comments.

(*Id.*; a copy of the Statement is attached to the Messeloff Declaration as Exhibit M.)  Defendant has never been provided with an explanation as to why Stoneking failed to appear for her deposition. (*Id.* at ¶ 19.)

### C.    Opt-In Plaintiffs McConaha, Gore, Dauth, Rock, and Hadnot Failed to Make Themselves Available for Their Respective Depositions.

On June 15, 2018, Defendant's counsel requested dates from Plaintiffs' counsel to take the depositions of McConaha and Gore, among other Opt-In Plaintiffs. (*Id.* at ¶ 20.)

On July 20, 2018, Defendant's counsel issued Notices of Deposition to McConaha, Gore, and the other deponents, each of which contained a tentative date for the deposition, "or otherwise on a date and time to be agreed upon by the parties." (*Id.* at ¶ 21; a copy of McConaha's Notice of Deposition is attached to the Messeloff Declaration as Exhibit J-2; a copy of Gore's Notice of Deposition is attached as Exhibit J-3.)

On July 24, 2018, Plaintiffs' counsel told Defendant's counsel, "We will continue to try to confirm with these individuals or get you as many options for alternative dates and times as possible." (*Id.* at ¶ 22.)

On July 26, 2018, in order to schedule the depositions of other Opt-In Plaintiffs at the times that McConaha's and Gore's depositions were originally scheduled, Defendant's counsel issued Amended Notices of Deposition to McConaha and Gore. (A copy of McConaha's Amended Notice of Deposition is attached to the Messeloff Declaration as Exhibit L-2; a copy of Gore's Amended Notice of Deposition is attached as Exhibit L-3.)

However, McConaha and Gore never provided any proposed dates or times for Defendant to take their depositions. (*Id*. at ¶ 24.)

On July 31, 2018, Defendant's counsel emailed Plaintiff's counsel and requested, "[i]n light of the fact that Virginia Conklin and Robin Stoneking did not appear for their depositions, we would like to depose Madison Chandler and Monica Hadnot.  Please consult with them and let me know their availability, and we will issue placeholder notices of deposition for them in the meantime." (*Id.*, at ¶ 23.)  On August 3, 2018, Defendant's counsel issued Notices of Deposition for Chandler's and Hadnot's deposition, at certain dates and times "or otherwise on a date and at a time, to be agreed upon by the parties."  (*Id.*, at ¶ 25; a copy of Chandler's Notice of Deposition is attached to the Messeloff Declaration as Exhibit O-1; a copy of Hadnot's Notice of Deposition is attached as Exhibit O-2.)

On September 26, 2018, Defendant's counsel emailed Plaintiffs' counsel:

[a]s we approach the end of the discovery period, I wanted to follow up on the availability of Madison Chandler, Sharon Gore, Monica Hadnot, Crystal Luckeydoo, and/or Brittney McConaha for their respective depositions.  Could you please confirm that you have been able to reach each of these individuals? . . .

Additionally, since it seems unlikely that all of the foregoing opt-in plaintiffs intend to appear for their noticed depositions, we would like the testimony of additional opt-in plaintiffs regarding their respective claims. To that end, we would like to request the depositions of whichever of the following remaining opt-in plaintiffs can be available for their depositions between now and the discovery cutoff of October 17, 2018: . . .

Jesse Dauth . . .

Gail [Rock]

As we agreed to do for Ms. Chandler, et al., we will send you Notices of Depositions for these individuals dated October 17, 2018, and whenever you have anyone's availability, please let us know and we can issue an Amended Notice of Deposition for each such individual accordingly.

(*Id.* at ¶ 26.)

On October 4, 2018, Defendant's counsel issued Notices of Deposition for Hadnot, Dauth and Rock, among other Opt-In Plaintiffs. (*Id.* at ¶ 27; a copy of Dauth's Notice of Deposition is attached to the Messeloff Declaration as Exhibit Q-1; a copy of Rock's Notice of Deposition is attached as Exhibit Q-2; a copy of Hadnot's Notice of Deposition is attached as Exhibit Q-3.) Defendant's counsel added, "[i]f and when you hear from any of these opt-in plaintiffs, please let us know if and when they are available to have their respective depositions taken, and we will issue Amended Notices of Deposition accordingly." (*Id.*)

On October 11, 2018, Defendant's counsel conferred with Plaintiffs' counsel to discuss what should be done regarding Conklin, Stoneking and the other individuals who failed to appear for their depositions, and whether Plaintiffs' counsel would voluntarily dismiss their claims. (*Id.* at ¶ 28.)  The parties agreed that Defendant should move to dismiss these individuals' claims. (*Id.*)

On October 17, 2018, the discovery period ended. (*Id.* at ¶ 30.)

On October 18, 2018, Plaintiffs' counsel filed Notices of Withdrawal of the Filed Consents to Sue of Crystal Luckeydoo and Madison Chandler, thereby dismissing those individuals' claims. (ECF Dkt. Nos. 79, 80.)

Accordingly, Defendant now moves to dismiss the claims of Conklin, Stoneking, McConaha, Dauth, Gore, Rock, and Hadnot (collectively, "Plaintiffs") for failure to appear for their respective depositions and to prosecute their claims.

### III.   Legal Argument

### A.   Plaintiffs' Claims Should Be Dismissed Pursuant to Fed. R. Civ. P. 37 and 41

The Court may dismiss an action pursuant to Rule 37(b)(2) when "a party . . . fails to . . . provide or permit discovery," and pursuant to Rule 37(d) where a party fails to appear for his or her deposition after being served with proper notice. *See* Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(1)(A)(i); *Vance v. Sec'y, U.S. Dep't of Veterans Affairs*, 289 F.R.D. 254, 256 (S.D. Ohio 2013).

Similarly, Rule 41(b) authorizes the Court to dismiss a case if a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure]." Fed.R.Civ.P. 41(b); *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366 (6th Cir. 1997). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotations and citations omitted).

Courts consider four factors in determining whether to dismiss a case under Rule 37 and/or Rule 41:

(1)   whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault;

(2)   whether the adversary was prejudiced by the party's failure to cooperate in discovery;

(3)   whether the party was warned that failure to cooperate could lead to dismissal; and

(4)   whether less drastic sanctions were considered before dismissal was ordered.

*Vance*, 289 F.R.D. at 256 (*quoting Harmon*, 110 F.3d at 366–367).  As the Northern District of Ohio has explained, "in general, defendants are entitled to individualized discovery on at least some of the opt-ins.  Where . . . certain individuals have opted-in and have been selected for depositions, Rule 37 can govern dismissal of their claims as a sanction." *Hurt v. Commerce Energy, Inc.*, No. 1:12-CV-758, 2014 WL 3615807, *3 (N.D. Ohio July 21, 2014).

1.      **Plaintiffs' Failure to Attend Their Depositions Was Willful, in Bad Faith, and Their Fault**

The first factor – willfulness, bad faith or fault – is satisfied where the party fails to provide "any justification for his failure to appear at his properly-noticed deposition." *Vance*, 289 F.R.D. at 257.  *See also Murray v. Target Dep't Stores*, 56 Fed.Appx. 246, 246–47 (6th Cir. 2003) (affirming dismissal of claim due to plaintiff's failure to attend her deposition); *Hathaway v. City of Memphis*, Case No. 13-02688, 2016 WL 7443177, *4 (W.D. Tenn. Dec. 27, 2016) ("Hathaway has made no showing as to why she did not appear at her noticed depositions. She has not contacted her attorney since at least June 2016, and there is no showing as to why. . . . Her behavior demonstrates a reckless disregard for the effect of her conduct on these proceedings. There is a clear record of delay and contumacious conduct.").

The Northern District of Ohio recently found that opt-in plaintiffs' failure to attend their depositions supported dismissal of their respective claims:

> [a]ll of these FLSA Claim Opt–In Plaintiffs missed at least one properly noticed and scheduled deposition. . . . And, all of this is in spite of these individuals having consented to being active participants in the collective action.
>
> As such, the Court finds that all nine of these FLSA Claim Opt–In Plaintiffs either willfully, through bad faith, or through their own fault, failed to attend their properly noticed and scheduled depositions. Therefore, the first factor weighs in favor of dismissal.

*Hurt*, 2014 WL 3615807, at *3.

In this case, Plaintiffs were all aware that participation in discovery, including depositions, was their responsibility.  The Joint Notice that each Opt-in Plaintiff used to join this action explicitly stated that by joining the case, they "may be required to . . . have [their] deposition taken . . ."  (ECF No. 44-1, p. 2)  However, the Plaintiffs at issue here all failed to appear for their respective, properly-noticed depositions.  For Conklin and Stoneking, the parties agreed to the time and place for their depositions, yet the individuals themselves still failed to

show up.  For McConaha, Dauth, Gore, Rock and Hadnot, with one exception,[1] no one indicated that the proposed dates in their respective Notices of Deposition did *not* work for them, nor did any of them propose any alternate dates.   Accordingly, the first factor supports the dismissal of all of the Plaintiffs' claims.

**2.      Defendant Has Suffered Prejudice as a Result of Plaintiffs' Failure to Attend Their Depositions**

The prejudice required to satisfy the second factor is demonstrated where the plaintiff has caused the opposing party to "waste[] time, money, and effort in pursuit of cooperation which the Plaintiff was legally obligated to provide." *Vance*, 289 F.R.D. at 257 (*quoting Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)); *see also Powell v. Cont'l Cas. Co.*, No. 1:09–cv–710, 2010 WL 5576057, *2 (S.D. Ohio Nov. 16, 2010), adopted, No. 1:09-CV-00710, 2011 WL 110255 (S.D. Ohio Jan. 13, 2011) (finding defendant was prejudiced by noticing and attending a deposition for which plaintiff failed to appear).

In *Hurt v. Commerce Energy, Inc.*, the court found that the opt-in plaintiffs' failure to appear for their depositions prejudiced the defendants, who "did not have the opportunity to conduct discovery on nearly 40% of the identified witnesses and will be unable to offer testimony from these witnesses, who may have offered helpful information to Defendants or negated Plaintiffs' theories of this case":

> Without the ability to conduct discovery on the FLSA Claim Opt–Ins, Defendants are put at a distinct disadvantage.  Furthermore, Plaintiffs have had the ability to collect information . . . from these nine delinquent FLSA Claim Opt–In Plaintiffs. The interests of justice require that Defendants would have had a chance to

---

[1]   Rock did agree to be deposed on October 17, 2018.  However, a few days before the deposition, Plaintiffs' counsel informed Defendant's counsel that Rock "recently started a new job" and therefore she could not take time off to appear for a deposition. (Exh. 1, at ¶ 29.)  Defendant's counsel objected and informed Plaintiffs' counsel that "[Rock] knew from the Notice she received that she may need to have her deposition taken.  Please provide the soonest possible dates when she will be able to appear for her deposition, and we will take them under advisement." (There is a typo in the email, in which Rock was inadvertently identified as Miller.) (*Id.*)  Rock failed to provide another date – whether before or even after the discovery deadline – on which she would make herself available to have her deposition taken. (*Id.*)

10

> conduct discovery from the FLSA Claim Opt–In Plaintiffs. And, they did not. This fact prejudices Defendants. Therefore, the second factor also weighs in favor of dismissal.

2014 WL 3615807, at *4; *see also Reyes*, 307 F.3d at 458 (holding that the defendant's inability to schedule depositions and meet the discovery deadline due to the plaintiff's failure to comply resulted in prejudice suffered by the defendant).

In this case, there can be no dispute that Defendant was prejudiced by Plaintiffs' failure to attend their respective depositions. For Conklin's deposition, both Defendant's counsel and Defendant's corporate representative expended significant costs in making arrangements and traveling to attend the deposition. (Exh. 1, ¶ 29.) Defendant's counsel also spent a significant amount of time preparing to take the deposition, and Defendant was required to pay a court reporter to attend the deposition. (*Id*.) For Stoneking's deposition, Defendant's counsel also expended significant costs in traveling to attend that deposition and in paying a court reporter, in addition to the attorneys' fees necessary to prepare for the deposition. (*Id*. at ¶ 30.) Even for the Opt-In Plaintiffs who failed to appear for their depositions, Defendant's counsel still incurred fees to schedule and prepare for their depositions. (*Id*. at ¶ 31.) Therefore, the second factor also supports the dismissal of Plaintiffs' claims.

### 3.    Plaintiffs Had Notice That Their Claims Were Subject to Dismissal if they Failed to Attend Their Depositions

The third factor is satisfied where the party received notice that his or her case was subject to dismissal. This factor can be satisfied by constructive notice, such as through the Joint Notice that each of the Opt-In Plaintiffs received (and which was approved by Plaintiffs' counsel). *Hurt*, 2014 WL 3615807, at *4. "By affirmatively opting-in to the collective action . . . Opt–In Plaintiffs had actual notice that they may have obligations, including appearing for depositions, during the discovery period. By extension, then, these individuals should have had constructive

11

notice that Rule 37 sanctions could apply to them." *Id.*; *see also Reyes*, 307 F.3d at 458 (affirming dismissal of party's claim, even though no prior warning was given to the dismissed party).

In this case, by virtue of Conklin's status as the Representative Plaintiff and the Joint Notice received by all of the other Plaintiffs – which put them on notice that they may be required to appear for depositions in this matter – the third factor also supports dismissal of Plaintiffs' claims.

### 4.     Dismissal of Plaintiffs' Claims is an Appropriate Sanction

Lastly, under the fourth element, dismissal is warranted where no lesser sanction would be effective. In fact, dismissal of opt-in plaintiffs' claims *is* a lesser sanction, compared to "the complete dismissal of the collective action for Plaintiffs' bad behavior." *Hurt*, 2014 WL 3615807, at *4. As the Northern District of Ohio has explained,

> [s]imply barring the FLSA Claim Opt–In Plaintiffs from testifying at trial would allow them to partake in the benefits of a collective action lawsuit without allowing Defendants a meaningful opportunity to build an individual defense to their claims. The inadequacy of such a lesser sanction is especially apparent in light of the fact that Defendants identified over half of the FLSA Claim Opt–In Plaintiffs as potential trial witnesses. Allowing these individuals to simply sit-out at trial does nothing to remedy the prejudice that Defendants have suffered from the inability to conduct discovery and build their defense. Plaintiffs' actions were egregious and threatened Defendants' rights to due process.

*Id*; *see Hathaway*, 2016 WL 7443177, at *5 ("[G]iven Hathaway's lengthy and reckless disregard of the effect of her conduct on this litigation, dismissal with prejudice is the proper remedy."); *Williams v. Select Specialty Hosp.-Nashville, Inc.*, No. CIV. 3:08-1007, 2010 WL 93103, *3 (M.D. Tenn. Jan. 7, 2010) (dismissing claim "in light of the plaintiffs' lack of interest in the action, the hardship it would cause the defendant to face the prospect of defending a future action based on allegations which it has attempted to defend against in this action, the impasse in discovery caused by the plaintiffs' refusal to participate in discovery, and the needless expenditure of resources by both the Court and the defendant caused by the plaintiffs'

conduct."); *In re Sumitomo Copper Litig.*, 204 F.R.D. 58, 60 (S.D.N.Y. 2001) (dismissing claim, holding that there would be "little useful purpose" in requiring yet another warning and chance to comply); *see also Stubbs v. Bank of America Corp.*, 283 F.R.D. 218 (D.Del. 2012) (dismissing claim under Rule 41 where plaintiff's refusal to attend deposition severely impeded the defendant's trial strategy, conduct was willful or in bad faith, and lesser sanctions would not have been effective given plaintiff's limited means); *Hussain v. PNC Financial Services Group*, 276 F.R.D. 181 (D. Del. 2011) (dismissing claim pursuant to Rule 41 where plaintiff failed to make himself available for deposition, and it was doubtful that monetary sanctions would be an effective alternative sanction to dismissal).

In this case, dismissal of Plaintiffs' claims is warranted, as no lesser sanction would be effective. All of the Plaintiffs have been unresponsive to their own attorney and to Defendant's request to take their respective depositions. Each of the Plaintiffs worked in hourly positions for Defendant, and therefore it is unlikely that monetary sanctions would be effective. (Exh. 1, ¶ 32.) Lastly, the sanction of dismissal of the Plaintiffs' claims alone is narrowly tailored to the misconduct at issue, compared to "the complete dismissal of the collective action for Plaintiffs' bad behavior." *Hurt*, 2014 WL 3615807, at *4.

For all of these reasons, Plaintiffs' claims should be dismissed with prejudice.

**B.**    **In the Alternative, the Court Should Compel Plaintiffs' Appearances for Deposition and Award Defendant its Fees and Costs**

If the Court concludes that dismissal is not an appropriate sanction under the circumstances, Defendant requests that the Court compel each of the Plaintiffs to appear for a deposition within 30 days of the Court's Order adjudicating this Motion, pursuant to Rule 37(d), and for Defendant's fees and costs for such depositions.

### C.    Defendant is Entitled to Its Fees and Costs for Preparing for and Attending the Depositions Plaintiffs Failed to Attend

Under Rule 37(d)(3), "the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, *including attorneys fees*, caused by the failure, unless the failure was substantially justified." Fed. R. Civ. P. 37(d)(3) (emphasis added).

In this case, as demonstrated by the foregoing evidence, there is no substantial justification for Plaintiffs' failure to attend their depositions.  Defendant has incurred significant fees and costs to prepare for and attend the depositions of Conklin and Stoneking, and to prepare for the depositions of the Opt-In Plaintiffs.  These fees and costs include, but are not limited to, attorneys' fees; court reporter fees; travel costs; costs for Defendant's corporate representative to attend Conklin's deposition; and other costs.

Accordingly, pursuant to Fed. R. Civ. P. 37(d)(3), Defendant requests that, within 14 days after an Order granting this Motion, Defendant be permitted to submit a fee application  to recover from Plaintiffs and/or Plaintiffs' counsel its reasonable expenses resulting from Plaintiffs' failure to attend their respective depositions.

## IV.    Conclusion

Representative Plaintiff Virginia Conklin and Opt-In Plaintiffs Robin Stoneking, Brittney McConaha, Jesse Dauth, Sharon Gore, Gail Rock, and Monica Hadnot each failed to appear for their respective depositions and have failed to prosecute their claims.  For these reasons, pursuant to Fed. R. Civ. P. 37 and 41, the Court should dismiss their claims against Defendant and award Defendant its reasonable fees and costs.

**Certification of Good-Faith Effort**

Pursuant to the Fed. R. Civ. P. 37(d)(1)(B), Defendant hereby certifies that it has conferred with Plaintiffs' counsel in good faith to obtain the appearances of Virginia Conklin, Robin Stoneking, Brittney McConaha, Jesse Dauth, Sharon Gore, Gail Rock, and Monica Hadnot at a deposition without court action.

Respectfully submitted,

*/s/ Daniel L. Messeloff*
Daniel L. Messeloff (0078900)
Dana S. Elfvin (0090511)
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Tel:     216.592.5000
Fax:    216.592.5009
E-mail:    daniel.messeloff@tuckerellis.com
                dana.elfvin@tuckerellis.com

*Attorneys for Defendant 1-800 Flowers*
*Service Support Center, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2018, the foregoing ***Defendant's Motion to Dismiss Claims of Representative Plaintiff Virginia Conklin and Opt-In Plaintiffs*** was served upon the following via the Court's ECF website:

Molly Nephew                        Mark A. DiCello
Jacob Rusch                         7556 Mentor Avenue
Johnson Becker, PLLC                Mentor, OH  44060
444 Cedar Street, Suite 1800        madicello@dicellolaw.com
St. Paul, MN  55101
mnephew@johnsonbecker.com
jrusch@johnsonbecker.com

*Attorneys for Plaintiff*

/s/ Daniel L. Messeloff
*Attorney for Defendant*

015456\000001\4011091.1