**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| VIRGINIA CONKLIN, *et al.*, | Case No.: 2:16-cv-675-ALM-EPD |
| Plaintiffs, | JUDGE ALGENON L. MARBLEY |
| | JUDGE ELIZABETH A. PRESTON |
| v. | |
| 1-800 FLOWERS SERVICE SUPPORT CENTER, INC., | |
| Defendant. | |

**JOINT MOTION FOR APPROVAL OF CONFIDENTIAL SETTLEMENT AGREEMENT AND MEMORANDUM IN SUPPORT**

**I.      INTRODUCTION**

Plaintiff Alyson Clark, individually, and on behalf of the Opt-In Plaintiffs (collectively, "Plaintiffs") and Defendant 1-800 Flowers Service Support Center, Inc. ("Defendant") jointly move and respectfully request that the Court approve the confidential settlement they have reached in this matter.  The settlement is memorialized in the Confidential Settlement Agreement and Release ("Agreement" or "Settlement"), a redacted copy of which is attached as Exhibit A.  An unredacted copy of the Agreement will be filed under seal and emailed to the Court's Chambers. Both of the foregoing copies of the Confidential Settlement Agreement are unsigned; once the Court approves the Confidential Settlement Agreement, the parties will execute the approved version of the document.

**II.      SUMMARY OF THE SETTLEMENT TERMS**

Defendant has agreed to pay a certain amount to settle the claims in this action.  As expressed in the Agreement, the total settlement amount shall be used to provide for settlement payments to Plaintiffs, Plaintiffs' attorneys' fees, and Plaintiffs' attorneys' litigation expenses.

(*See* Exh. A.) The settlement payment will be divided among Plaintiffs as described in the Agreement.

Plaintiffs will release Defendant from all wage and hour claims or causes of action, including under Fair Labor Standards Act and any similar state law claims or other theories under which employees can seek wages and overtime compensation, arising from three years prior to the filing of this lawsuit through the date of approval of this settlement, for unpaid minimum wages and overtime that were asserted in the lawsuit. The full versions of Plaintiffs' releases are set forth in the Agreement.

Plaintiffs' counsel will mail to all Plaintiffs checks representing his or her respective share of the Settlement.

## III. THE COURT SHOULD APPROVE THE FLSA SETTLEMENT AS FAIR AND REASONABLE.

Where the litigation arises from a private enforcement action under Section 216(b) of the FLSA, the standard for approval of a settlement is straightforward: a district court should approve a settlement if it was reached as a result of contested litigation and it is a fair and reasonable resolution of a *bona fide* dispute between the parties. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)); *Filby v. Windsor Mold USA, Inc.*, 2015 WL 1119732, at *3 (N.D. Ohio March 11, 2015) (Helmick, J.) (quoting *Schneider v. Goodyear Tire & Rubber Co.*, 2014 WL 2579637, at *2 (N.D. Ohio 2014). "The existence of a *bona fide* dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligation under the FLSA." *Filby*, 2015 WL 1119732, at *2 (quoting *Schneider*, 2014 WL 2579637, at *2 (citations omitted)).

The Court, therefore, should perform two inquiries before approving an FLSA settlement. First, the Court must be satisfied that the settlement was the product of "contested litigation."

Second, the Court must be satisfied that the settlement involves a fair and reasonable resolution of a *bona fide* dispute between the Parties. Typically, courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as indicium of fairness. *Lynn's Food Stores, Inc.*, 679 F.2d at 1354. If the proposed settlement reflects a reasonable compromise over contested issues, the Court may approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.*

Based on the contested nature of this litigation and the quality of the Settlement, this Court should conclude that this Settlement is a reasonable resolution of a *bona fide* dispute in a contested litigation.

A.     **The proposed settlement is the product of contested litigation.**

The Settlement is a result of contested litigation given the fact that the settlement was reached in the context of this lawsuit. This lawsuit has been pending for more than three years and was resolved only after the extensive discovery, motion practice, and a mediation between the parties.

Moreover, the Parties had a full opportunity to analyze the pertinent factual and legal issues and assess the strengths and weaknesses of the claims and defenses at issue in this case. Only with the assistance of a mediator. "[T]he participation of an independent mediator in the settlement negotiations virtually assures that the negotiations were conducted at arm's length and without collusion between the parties." *See Hainey v. Parrot*, 617 F. Supp. 2d 668, 673 (S.D. Ohio 2007). For these reasons, the Court should conclude that the proposed Settlement is the product of contested litigation.

B.     **The proposed settlement reflects a fair and reasonable resolution of a *bona fide* dispute between the parties.**

The second prong of the Court's settlement approval inquiry focuses on two issues. The first issue is confirming the existence of a *bona fide* dispute between the Parties. The second issue

involves a review of the fairness and reasonableness of the proposed settlement. Both issues implicated by this second prong of the Court's settlement approval inquiry are also satisfied.

### 1. A *bona fide* dispute between the parties existed over liability.

From the beginning of this case, these matters have been hotly disputed in all regards. Plaintiffs alleged that Defendant did not pay them overtime for time worked in excess of 40 hours in a given workweek. Defendant denied that it had not properly paid Plaintiffs, and it affirmatively alleged that they had been properly paid. Defendant also denied that collective treatment was appropriate. If the matter was not resolved by settlement, there was a risk that Plaintiffs would not succeed in pursuing collective treatment. The parties ultimately settled these claims associated with the individuals who had already opted into the case.

### 2. The proposed settlement is fair and reasonable.

In determining whether an FLSA settlement is fair and reasonable, courts generally examine four factors, which include whether: (1) the parties fairly and honestly negotiated the settlement; (2) serious questions of law and fact exist which place the ultimate outcome in doubt; (3) the value of immediate settlement outweighs the mere possibility of future relief after protracted litigation; and (4) in the judgment of the parties, the settlement is fair and reasonable. *Cannon v. Time Warner NY Cable LLC*, 2015 WL 4498808 (D. Colo. July 24, 2015). Each of these factors is satisfied here.

### i. The settlement was fairly and honestly negotiated.

The settlement was the product of a private mediation. The parties prepared mediation memoranda and spent more than half a day on July 10, 2019 negotiating the settlement of the case. The length of time the mediation took underscored the contested nature of these matters from the beginning. Each issue was highly contested and generally resulted in motion practice. There

should be no doubt that the settlement came about only after the parties contested the case and were able to fairly and honestly come to an agreement to resolve the case.

### ii.        The ultimate outcome of the litigation was unknown.

As outlined above, the Parties disagree about the merits of Plaintiffs' claims and the viability of Defendant's various defenses.  If the case had continued, Plaintiffs would have faced a motion for decertification, summary judgment, and potentially a trial.  *See, e.g., Cornell v. World Wide Business Servs. Corp.,* 2015 WL 6662919, at *2 (S.D. Ohio Nov. 2, 2015) (decertifying collective because of "disparate factual and employment settings" of the individual opt-in plaintiffs).

Even if Plaintiffs ultimately prevailed on the issues of liability, Plaintiffs would still need to prove the amount of damages they suffered.  The resolution of these issues alone would have resulted in a wide swing in the damages amount.

### iii.       The value of the settlement is significant.

The benefit that Plaintiffs will receive from the Settlement as against the maximum they could have received if they had prevailed at trial is fair and reasonable. *See Declaration of Jacob Rusch*, attached as Exhibit B, ¶ 6.  Each Settlement Class Member's Confidential Settlement Payment is set forth in Appendix A of the Confidential Settlement Agreement.  The Settlement each Plaintiff is expected to receive is 100%, or more, of their total damages were they to prevail at trial (including full liquidated damages).

### iv.       Plaintiffs' attorneys and Named Plaintiff support the settlement.

Plaintiffs' Counsel has comprehensive knowledge of the facts and legal issues relating to the respective claims and defenses and has ample evidence on which to base an informed assessment of the proposed Settlement. *See Rusch Dec.* ¶¶ 2-3.  Plaintiffs' counsel believe the

Settlement is fair and reasonable. *Id.* This factor supports approval of the Settlement. Courts should generally "defer to the judgment of experienced counsel who [have] competently evaluated the strength of [their] proofs," *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir. 1983), especially when the case has been developed through discovery. *See In re Broadwing, Inc. ERISA Litig.,* 252 F.R.D. 369, 375 (S.D. Ohio 2006). In light of the foregoing, the Court should approve the Parties' proposed Settlement of this Action.

## IV. THE PAYMENT OF PLAINTIFFS' COUNSEL'S ATTORNEYS' FEES AND PLAINTIFFS' LITIGATTION EXPENSES SHOULD BE APPROVED.

### A. Plaintiffs' requested attorneys' fee is reasonable.

The attorneys' fees provision of the FLSA exists to enable plaintiffs to employ reasonably competent lawyers without cost to themselves if they prevail, and thereby to help ensure enforcement of the substantive provisions of the Act. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

There are two methods for determining whether a fee is reasonable: the lodestar method and the percentage-of-the-fund method. *Van Horn v. Nationwide Prop. & Cas. Ins. Co.,* 436 Fed. Appx. 496, 498 (6th Cir. 2011); *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983) (reasonable attorney's fees may be determined using the lodestar approach). Plaintiffs' Counsel seeks an award of attorney's fees on a lodestar basis; however, in an effort to settle this litigation absent further litigation, Plaintiffs' Counsel substantially discounted their total attorneys' fee and costs incurred. *See Rusch Dec.* ¶ 5. Multiplication of the number of hours reasonably expended on the merits of the litigation by the reasonable hourly rate equals the lodestar. *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001). The lodestar calculation is presumed to yield a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)

In FLSA cases, "courts have rejected the notion that fee awards should be proportionately tied to a plaintiff's recovery." *Vasquez v. Ranieri Cheese Corp.*, No. 07 Civ. 464, 2011 WL 554695 at *4 (E.D.N.Y. February 7, 2011). Additionally, as is the case here, "[i]f the parties submit a proposed FLSA settlement and represent 'that the plaintiff's attorneys' fees was agreed upon separately and without regard to the amount paid to the plaintiff,' then 'the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.'" *See Joseph v. Caesar's Entertainment Corp.*, 2012 WL 12898816, at *2 (D.N.J. July 23, 2012) (citing *Rodriguez v. Skechers U.S.A., Inc.*, 2012 WL 503877, at *3 (M.D. Fla. Feb. 14, 2012) (quoting *Bonetti v. Embarq Management Co.*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. Aug. 4, 2009)). At the mediation, the Parties first settled the individual claims of each Plaintiff and agreed to compensate Plaintiffs for 100%, or more, of their alleged damages. Only after the individual damages of the Plaintiffs were agreed upon did the Parties turn to, and ultimately agree to settle, Plaintiffs' Counsel's attorneys' fees and costs at a substantial discount.

To assist the Court in determining whether the requested fee is reasonable, the Sixth Circuit has identified the following factors: (1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent-fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides. *Bowling v. Pfizer,* 102 F.3d 777, 780 (6th Cir. 1996); *Ramey v. Cincinnati Enquirer, Inc.,* 508 F.2d 1188, 1196 (6th Cir. 1974). Each of these factors weighs strongly in favor of the reasonableness of the fee sought by Counsel in this instance.

### 1. Value of the benefit provided

This is a non-reversionary settlement in which Plaintiffs are provided direct cash payments representing a 100%, or more, for their unpaid wage claims. *See Rusch Dec.* ¶ 6. "Further, the settlement provides relatively early relief to class members, and it eliminates the additional risks the parties would otherwise bear if this litigation were to continue. Absent settlement, the parties would have engaged in discovery from individual opt-in plaintiffs, of electronically-stored information, and a potential motion to decertify the collective, and dispositive motions on merits and damages issues." *Swigart v. Fifth Third Bank,* 2014 WL 3447947, at *6 (S.D. Ohio July 11, 2014).

### 2. Value of the services rendered

Pursuant to 29 U.S.C. § 216(b), Plaintiffs' Counsel has requested approval of their attorneys' fees, an amount substantially less than their total lodestar as of the filing of this motion, as set forth in the Agreement. Over the course of this three-year litigation, Plaintiffs incurred substantial attorneys' fees. As part of the Settlement, Plaintiffs' Counsel are expected to receive approximately 15% of their incurred fees and costs.

For purposes of determining a reasonable attorneys' fee, the hourly rate must be calculated in accordance with the prevailing market rate in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 896 (1984). Generally, the "prevailing market rate [is] defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (citing *Adcock-Ladd v. Secretary of Treasure*, 227 F.3d 343, 350 (6th Cir. 2000)). Here, Plaintiff's Counsel are leaders in litigating FLSA claims in federal courts throughout the United States. *See Exhibit 1* attached to *Rusch Dec.* Their requested fees do not take into consideration future time Plaintiffs' counsel will

spend fulfilling their obligations under the Agreement, the administration of the Agreement, and responding to Opt-In Plaintiffs' inquiries.

### 3. Fee arrangement

Plaintiffs' Counsel originally undertook the representation in these cases on a purely contingent basis. Thus, Counsel has borne all of the risk that accompanies contingent-fee representation, including the prospect—very real in these cases, considering upcoming dispositive motion rulings—that the investment of substantial attorney time and resources would be lost. *Lonardo v. Travelers Indem. Co.,* 706 F. Supp. 2d 766, 796 (N.D. Ohio 2010). "There is a public interest in ensuring that attorneys willing to represent clients in class action litigation are adequately paid so that they and others like them will continue to take on such cases." *Connectivity Sys. Inc. v. Nat'l City Bank,* 2011 WL 292008, at *14 (S.D. Ohio Jan. 25, 2011).

### 4. Societal interest

The FLSA is a remedial statute designed to protect the wages of workers, *see A.H. Phillips, Inc. v. Walling,* 324 U.S. 490, 493 (1945), and "society has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters." *Gentrup v. Renovo Servs., LLC,* 2011 WL 2532922, at *4 (S.D. Ohio June 24, 2011). Plaintiffs' counsel took on this matter to protect the rights of employees and litigated for more than three years against highly-experienced defense counsel at Tucker Ellis LLP. This factor supports awarding the requested fees and will encourage other qualified plaintiffs' attorneys to take on the risks of contingency litigation to help workers who cannot pay their hourly fees.

### 5. Case complexity and risk

"Wage-and-hour collective and class actions are, by their very nature, complicated and time-consuming." *Swigart,* 2014 WL 3447947, at *7, *citing Beckman v. KeyBank, N.A.,* 293

9

F.R.D. 467, 479-80 (S.D.N.Y. 2013). The parties in this case faced complex motion practice, including both over the merits, as well as on final certification or decertification of the collective.

### 6. Skill and reputation of counsel

Plaintiffs' counsel's experience, reputation, and skill, which are detailed in the accompanying declaration, support the requested fee award. *See Exhibit 1* attached to *Rusch Dec.*

### B. Plaintiffs' litigation costs should be approved.

Through the filing of this motion, Plaintiffs' counsel have incurred certain costs related to this case. Plaintiffs' Counsel has requested approval of the reimbursement of a portion of these costs, as set forth in the Agreement. The expenses are "of the type routinely charged to ... hourly fee-paying clients," and qualify for reimbursement out of the common fund settlement. *See In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508, 535 (E.D. Mich. 2003). The invoices or receipts can be produced upon request. Plaintiffs' Counsel incurred significant costs litigating this case through discovery. *See Rusch Dec.* ¶ 2-3. However, the total amount Plaintiffs' counsel is expected to receive from the Settlement for attorneys' fees, in addition to costs, is less than its expenditures for costs alone. In total, Plaintiffs' Counsel discounted their attorneys' fees and costs by almost 85% to settle this matter. *See Rusch Dec.* ¶ 5. Accordingly, the requested award of litigation fees and costs should be approved.

## V. CONCLUSION

The Parties reached this Settlement as the result of contested litigation, and it resolves a *bona fide* dispute between the Parties. The Parties engaged in lengthy discovery, motion practice, and analysis of pertinent information, and resolved the issues between them with the assistance of an experienced mediator. The Settlement is fair and reasonable and adequate and resolves a *bona fide* dispute between the Parties for significant monetary relief in a contested matter. For these

10

reasons, the Court should approve the Settlement Agreement. Pursuant to the Settlement Agreement, upon approval of the Settlement Agreement by the Court, the Parties will jointly file a motion for dismissal of the case with prejudice within seven days of Plaintiffs' Counsel's receipt of the settlement payment.

RESPECTFULLY SUBMITTED the 26th day of December, 2019.

**JOHNSON BECKER PLLC**                          **TUCKER ELLIS, LLP**

*/s/Jacob Rusch*                                */s/Daniel Messeloff*
Jacob Rusch (admitted pro hac vice)             Daniel L. Messeloff (0078900)
444 Cedar Street, Suite 1800                     950 Main Avenue, Suite 1100
St. Paul, MN 55101                               Cleveland, OH 44113
Telephone: (614) 436-1800                        Telephone: (216) 592-5000
Fax: (614) 436-1801                              Fax: (216) 592-5009

jrusch@johnsonbecker.com                         Daniel.messeloff@tuckerellis.com

*Attorneys for Plaintiffs*                       *Attorneys for Defendant*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 26th day of December, 2019, a copy of the foregoing was

transmitted electronically to the CM/ECF filing system for filing and transmittal along with

copies transmitted to all counsel of record via the CM/ECF system.

/s/*Daniel L. Messeloff*
Attorney for Defendant