# Exhibit A

## **CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE**

THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made this ___ day of [DATE], 2019, by and between Virginia Conklin and Alyson Clark (collectively, "Representative Plaintiffs") on behalf of themselves and all Opt-In Plaintiffs (collectively with Representative Plaintiffs, "Plaintiffs") as defined herein, and 1-800 Flowers Service Support Center, Inc. ("Defendant").

WHEREAS, Representative Plaintiffs brought an action captioned *Virginia Conklin and Alyson Clark, et al., v. 1-800 Flowers Service Support Center, Inc*., in the United States District Court for the Southern District of Ohio, Case No. 2:16-cv-675-ALM-EPD, alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA") and Ohio state wage and hour laws;

WHEREAS, Defendant denies liability and/or any other wrongdoing with respect to Plaintiffs;

WHEREAS, Opt-In Plaintiffs agreed to have their interests, including, but not limited to, the resolution and settlement of the foregoing action, represented by Representative Plaintiffs;

WHEREAS, Plaintiffs and Defendant wish to avoid further litigation and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and subject to the approval of the Court, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that the above-entitled matter is hereby resolved as follows:

**1. DEFINITIONS**

The terms set forth below shall have the following meanings:

1.1     "Agreement" means this "Confidential Settlement Agreement and Release".

1.2     "Civil Action" means the above-captioned action.

1.3     "Class Counsel" means the law firm of Johnson Becker PLLC.

1.4     "Court" means the United States District Court for the Southern District of Ohio.

1.5     "Opt-In Plaintiffs" means individuals who joined the Civil Action by completing and returning consent forms, all of which were filed with the Court by Class Counsel. All Opt-In Plaintiffs are identified in Section 3.2 below.

1.6     "Parties" means Representative Plaintiffs, the Opt-In Plaintiffs, and Defendant.

1.7 "Released Claims" means any claim, cause of action, or demand arising prior to the date of this Agreement for wages and overtime compensation, liquidated damages, interest, attorneys' fees, or litigation expenses associated with Defendant's alleged non-payment of wages and overtime compensation under the FLSA, Ohio state law, or any other legal claim or theory under which employees can seek wages and overtime compensation.

1.8 "Released Parties" means Defendant and its direct and indirect parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past and present directors, officers, shareholders, members, employees, agents, insurers and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys.

## 2. RECITALS

2.1 Class Counsel has investigated this Civil Action and consulted with Representative Plaintiffs concerning the risks of continued litigation and the benefits of settlement at this stage in the proceedings. Representative Plaintiffs and Class Counsel have concluded that the settlement described in this Agreement is fair and reasonable, and is in the best interest of Representative Plaintiffs and Opt-In Plaintiffs in light of all known facts and circumstances, including, *inter alia*, the possibility that Defendant might prevail at trial or through motion practice and the prospect of significant delay if this Civil Action proceeds.

2.2 Released Parties deny any liability or wrongdoing of any kind associated with the claims alleged in the Civil Action.

2.3 This Agreement is a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Released Parties. Furthermore, neither this Agreement nor the settlement of this Civil Action shall be used to suggest an admission of liability in any dispute the Parties may have now or in the future with respect to any person or entity, and nothing herein shall constitute evidence with respect to any issue or dispute in any lawsuit, legal proceeding, or administrative proceeding, except for legal proceedings concerning the enforcement or interpretation of this Agreement.

2.4 Class Counsel agrees that, as of the date this Agreement is executed, there are no individuals who had retained Class Counsel to sue Defendant for violations of the FLSA, or any other law or claim, other than Representative Plaintiffs and Opt-In Plaintiffs.

## 3. PAYMENTS

In exchange for the consideration described in this Agreement, Defendant agrees to pay the total sum of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as follows:

▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2



4326870.1



4326870.1



3.4    Terms of Payment

The parties agree to move the Court for an Order that the monetary terms of this Agreement be maintained as confidential, and that they be permitted to submit the monetary terms of this Agreement to the Court for its review solely *in camera*.  For purposes of the Court's consideration and approval of this Agreement, the parties agree to file a copy of this Agreement with the monetary terms redacted.

Defendant will deliver the checks in payment of subparagraphs 3.1-3.3 to Class Counsel within 30 days of the date the Court approves the settlement. Plaintiffs will disburse the settlement checks to Plaintiffs within 7 days of the date Defendant delivers the checks to Class Counsel.

Plaintiffs shall have 90 days to cash their settlement check. Thirty days after Class Counsel disburses the settlement checks to Class Counsel, Defendant shall produce to Class Counsel a list of all Plaintiffs who have not yet cashed their settlement checks. Class Counsel will attempt to contact any Plaintiff with uncashed settlement checks. Sixty days after Class Counsel disburses the settlement checks to Class Counsel, Defendant shall produce to Class Counsel an updated list of all Plaintiffs who have not yet cashed their settlement checks. Class Counsel will again attempt to contact any Plaintiff with uncashed settlement checks. At the expiration of the 90-day settlement period, Defendant will deliver a check payable to Johnson Becker, PLLC, totaling the amount of all uncashed settlement checks. Class Counsel will distribute the totality of the remaining funds equally to all Plaintiffs who cashed their settlement check.

Plaintiffs agree that within five days of Class Counsel's receipt of the settlement payments above, they will file a Notice of Voluntary Dismissal with prejudice in the Civil Action, with each party to bear its own costs. Defendant agrees to pay any court costs related to the Civil Action.

Plaintiffs agree that the above payments represent any and all back pay, severance pay, wages (whether overtime or otherwise), bonuses, vacation pay, front pay, damages (whether liquidated, compensatory, exemplary, punitive or otherwise), benefits, attorneys' fees, costs, interest, or other monies to which Plaintiffs may have been entitled to receive or recover in connection with their employment with Defendant.

Plaintiffs further agree that the above payments represent full and complete satisfaction and payment of any and all monies purportedly due and owing to them arising out of, or relating to, their employment with Defendant.

**4.     REQUIREMENT FOR COURT APPROVAL**

4.1    This Agreement is contingent upon and does not become effective until the Court enters an Order approving, pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), this Agreement as fair and reasonable. In the absence of such Court approval, the Agreement shall be null and void. Promptly after the execution of this Agreement, the parties shall work diligently to prepare and submit to the Court any papers deemed necessary to obtain Court approval of the settlement.

**5.     RELEASE AND COVENANT NOT TO SUE**

5.1    Conditioned upon Court approval of the settlement and dismissal of the Civil Action with prejudice, Plaintiffs, individually and in their representative class capacity, for themselves and their heirs, successors, assigns, personal representatives, executors, legal representatives, spouses, agents, insurers, and attorneys, do hereby release and discharge the Released Parties (as defined in Section 1.8), of and from all claims for unpaid overtime under state and federal law, including any and all claims or demands for liquidated damages, interest, attorneys' fees and costs, as set forth in Plaintiffs' Complaint and/or Amended Complaint. Plaintiffs further covenant not to sue Defendant or the Released Parties for any and all such Released Claims. Plaintiffs further agree that none of them have suffered any emotional injuries as a result of the allegations in the Civil Action.

**6.     CONFIDENTIALITY**

6.1    The Parties and their attorneys agree this Agreement, and its terms, shall be kept confidential, except to the extent disclosure is required for approval and notice of the settlement.

4326870.1

6.2     Class Counsel will not publish any information regarding the settlement of this Civil Action, including but not limited to the amount of the settlement, on its website or newsfeed, other than that the Civil Action was settled on a confidential basis.

**7.     CASE TERMINATION**

7.1     The Parties intend for Plaintiffs to waive any and all wage and hour claims they may have against the Released Parties as discussed in Section 5 above from the beginning of time up to and including the date on which Plaintiffs sign this Agreement, including claims under the FLSA, and any state or local law, and therefore desire that this Agreement be approved by the Court. Accordingly, the Parties agree to the following:

       a.     Following execution of this Agreement, the Parties will provide the Court with a copy of the Agreement filed under seal for *in camera* inspection;

       b.     Concurrent with the Court's *in camera* inspection, the Parties will file a Joint Motion for Approval of Settlement and Dismissal of Plaintiffs' Claims in this Civil Action ("Joint Motion") and provide the Court with an Order of Approval of Settlement and Order of Dismissal of Plaintiffs' Claims ("Proposed Order");

       c.     The Joint Motion and Proposed Order are incorporated herein; and

       d.     In the event the Agreement is not approved by the Court, this Agreement shall be null and void and no payments shall be made pursuant to this Agreement.

**8.     PARTIES' AUTHORITY**

8.1     The signatories hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties hereto to the terms and conditions hereof.

8.2     All Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared and executed this Agreement.

**9.     MUTUAL FULL COOPERATION**

9.1     The Parties shall use their best efforts and fully cooperate with each other to accomplish the terms of this Agreement and to take such other actions as may reasonably be necessary to implement and effectuate the terms of this Agreement.

9.2     The Parties believe this Agreement is a fair, adequate and reasonable settlement of the Civil Action and have arrived at this Agreement in arms-length negotiations, taking into account all relevant factors, present and potential. The Parties agree that this Agreement reflects a compromise of a bona fide dispute as to damages and liability. This Agreement was reached after extensive negotiations and exchange of information between Parties represented by experienced wage-and-hour counsel.

**10.    MODIFICATION**

10.1    This Agreement and its attachments may not be changed, altered, or modified, unless such modification is manifested in a written document duly executed by the Parties. Any material modifications shall be approved by the Court in its continuing jurisdiction.

**11.    ENTIRE AGREEMENT**

11.1    This Agreement and its attachments constitute the entire agreement between the Parties concerning the subject matter hereof. No extrinsic oral or written representations or terms shall modify, vary, or contradict the terms of this Agreement. In the event of any conflict between this Agreement and any other settlement-related document, the Parties intend that this Agreement shall be controlling.

**12.    CHOICE OF LAW/JURISDICTION**

12.1    This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of Ohio, both in its procedural and substantive aspects, and shall be subject to the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division. This Agreement shall be construed as a whole according to its fair meaning and intent and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

**13.    COUNTERPARTS**

13.1    This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

**14.    CAPTIONS AND INTERPRETATIONS**

14.1    Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Agreement or any provision hereof. Each term of this Agreement is contractual and not merely a recital.

**PLAINTIFFS ARE ADVISED THAT THEY HAVE HAD A REASONABLE AMOUNT OF TIME TO CONSIDER THIS SETTLEMENT AGREEMENT AND TO CONSULT WITH COUNSEL REGARDING THIS SETTLEMENT AGREEMENT. PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT.**

The Parties knowingly and voluntarily sign, and affirm that the signatories below are duly authorized to sign this Agreement as a valid and binding act of each, as of the date(s) set forth below:

**SIGNATURES ON FOLLOWING PAGE**

**1-800 Flowers Service Support Center, Inc.**

Signature: _____    Date: _____

Printed Name: _____

Title: _____

**Defendant's Counsel**

Signature: _____    Date: _____

Printed Name: _____

Title: _____

**Representative Plaintiff**

Signature: _____    Date: _____

Printed Name: _____

Title: _____

**Plaintiffs' Counsel**

Signature: _____    Date: _____

Printed Name: _____

Title: _____

9

4326870.1