# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **VIRGINIA CONKLIN, et al.,** | : |
| | : Case No. 2:16-cv-00675 |
| **Plaintiffs,** | : |
| | : **JUDGE ALGENON L. MARBLEY** |
| v. | : |
| | : Magistrate Judge Deavers |
| **1-800 FLOWERS.COM, INC.,** | : |
| | : |
| | : |
| **Defendant.** | : |

## OPINION & ORDER

## I. INTRODUCTION

This matter is before the Court on the parties' Joint Motion to Seal the Redacted Terms of their Settlement Agreement. (Doc. 118.) Specifically, the parties seek the Court's permission to seal the total payment amount contained in the Settlement Agreement, as well as the individual payment amounts that will be furnished to class members. For the reasons set forth below, the Court **DENIES** the Motion [#118].

## II. BACKGROUND

On July 12, 2016, Plaintiff Virginia Conklin initiated this action on behalf of herself and all others similarly situated to her, alleging that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay putative class members for the time they worked at the 1-800 Flowers call center in Ohio and at other 1-800 Flowers call centers across the United States. On December 4, 2019, the parties reported that they had reached a settlement, and filed this Joint Motion to Seal the Redacted Terms of their Settlement Agreement. The parties then filed a redacted version of their Settlement Agreement, along with a Joint Motion for Settlement Approval.

1

## III. ANALYSIS

The goal of the FLSA is to ensure that covered employees receive a "fair day's pay for a fair day's work." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981). The provisions of the FLSA are mandatory and "generally not subject to bargaining, waiver, or modification by contract or settlement." *Zego v. Meridian-Henderson*, 2016 WL 4449648, at *1 (S.D. Ohio Aug. 24, 2016) (Marbley, J.). An exception to this general rule, however, "applies when a court reviews and approves a settlement in a private action for wages under 29 U.S.C. § 216(b)." *Id.* In approving such a settlement, the Court's task is to ensure that there is a "bona fide dispute between the parties as to the employer's liability under the FLSA, lest the parties be allowed to negotiate around the FLSA's requirements concerning wages and overtime." *Kritzer v. Safelite Sols., LLC*, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012).

In general, trial courts considering "whether to approve confidential settlements in FLSA cases have held that there is a strong presumption in favor of public access to settlement agreements." *Zego*, 2016 WL 4449648, at *1. As such, courts must "determine whether a settlement may be kept confidential by balancing the parties' interests in confidentiality against this strong presumption." *Id.*

This Court has previously held that "[a] confidentiality provision in an FLSA settlement agreement . . . contravenes the legislative purpose of the FLSA." *Id.* The Court reasoned that "[s]ealing FLSA settlements from public scrutiny could thwart the public's independent interest in assuring that employees' wages are fair." *Id.* To that end, the Court emphasized that "[a]bsent an 'extraordinary reason,' such settlement agreements should not be sealed." *Id.*

Here, the parties seek to file the payment amount of their Settlement Agreement under seal. Defendant contends that maintaining the settlement amount under seal is necessary to prevent other

litigants from filing frivolous lawsuits against them.  This, however, is not a valid reason for filing an FLSA settlement agreement under seal.  *Fairfax v. Hogan Transp. Equip., Inc.*, 2019 WL 466148, at *2 (S.D. Ohio Feb. 6, 2019) ("While the public filing of the Settlement Documents may affect the settlement of other cases, the fear of copycat lawsuits or embarrassing inquiries [does] not suffice to defeat the presumption of public access.") (internal quotations and citation omitted).  Moreover, sealing the settlement amount does not necessarily advance Defendant's aim.  Indeed, litigants know that Defendant settled this lawsuit, and have access to most of the terms in the Settlement Agreement.  Hence, their incentive to file similar suits would remain the same.  For these reasons, Defendant's proffered reason for seeking leave to file the Settlement Agreement under seal is "insufficient to overcome the strong presumption of public access to FLSA settlements." *See id.*  Accordingly, the Court **DENIES** the Motion.

## IV. CONCLUSION

For the reasons stated herein, the Court **DENIES** the Joint Motion to Seal the Redacted Terms of the Settlement Agreement [#118].  The Parties are directed to re-file an unredacted version of their Settlement Agreement with their memorandum in support of its fairness and reasonableness within fourteen (14) days of this Opinion and Order.

**IT IS SO ORDERED.**

                                      /s/ Algenon L. Marbley
                                      **ALGENON L. MARBLEY**
                                      **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: January 27, 2020**