**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **VIRGINIA CONKLIN,** : | |
| : | Case No. 2:16-cv-00675 |
| **Plaintiff,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Deavers |
| **1-800 FLOWERS.COM, INC.,** : | |
| : | |
| : | |
| **Defendant.** : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on a Joint Motion for Settlement Approval. (Docs. 121 & 123.) After reviewing the Motion, and the accompanying Settlement Agreement, the Court **GRANTS** the Motion [#121, #123].

**II. BACKGROUND**

On July 12, 2016, Plaintiff Virginia Conklin initiated this action on behalf of herself and all others similarly situated to her ("Plaintiffs"), alleging that Defendant 1-800 Flowers.com, Inc. violated the Fair Labor Standards Act ("FLSA") by failing to pay employees for the time they worked at the 1-800 Flowers call center in Ohio and at other 1-800 Flowers call centers across the United States. On December 4, 2019, the parties reported that they had reached a settlement. Before the Court is a Joint Motion to approve that settlement. Under the Agreement, Plaintiffs are set to receive an aggregate amount of $33,000 for their unpaid wages. Counsel for Plaintiffs is set to receive an attorneys' fees award of $23,748.92.

1

### III. LAW & ANALYSIS

As a general rule, "[t]he FLSA's provisions are mandatory and, except as otherwise provided by statute, are generally not subject to being waived, bargained, or modified by contract or by settlement." *Kritzer v. Safelite Solutions, LLC*, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012). One exception is when a court reviews and approves a settlement agreement in a private action for back wages under 29 U.S.C. § 216(b). *Id.* The Court's role in approving an FLSA settlement, and presumably an Ohio wage and hour settlement, "is comparable to that of a court in a settlement of a class action brought pursuant to Fed. R. Civ. P. 23." *See id.* (quoting *Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933, *5 (N.D. Ohio Mar. 8, 2010)). Hence, the Court must ensure that there is a bona fide dispute between the parties and that the settlement is a product of arms-length negotiation that was fair, reasonable, and adequate. *See id.* at *5-6.

#### 1. Whether there was a Bona Fide Dispute Between the Parties

The requirement that there be a bona fide dispute between the parties stems from the need to ensure the parties are not negotiating around the FLSA's requirements concerning wages and overtime. *Id.* at *5. At the heart of this case is whether Plaintiffs are entitled to compensation for the time they worked at 1-800 Flowers call centers throughout the country. Plaintiffs maintain that Defendant failed to pay them for the overtime that they worked whereas Defendant contends that its employees were properly compensated. This lawsuit has been pending for more than three years, and was resolved only after extensive discovery, motion practice, and mediation. *See Hainey v. Parrott*, 617 F. Supp. 2d 668, 673 (S.D. Ohio 2007) ("The participation of an independent mediator in the settlement negotiations virtually insures that the negotiations were conducted at arm's length and without collusion between the parties."). Given the above, the Court

is satisfied that the Settlement Agreement is not an attempt to negotiate around the FLSA's mandatory requirements of compensating employees for unpaid wages.

### 2. Whether Negotiations were Fair, Reasonable, and Adequate

In determining whether a proposed FLSA settlement is fair, reasonable, and adequate, a district court is required to consider and balance several factors: (a) Plaintiff's likelihood of ultimate success on the merits balanced against the amount and form of relief offered in settlement; (b) the complexity, expense, and likely duration of the litigation; (c) the stage of the proceedings and the amount of discovery completed; (d) the judgment of experienced trial counsel; (e) the nature of the negotiations; (f) the objections, if any, raised by the class members; and (g) the public interest. *Kritzer*, 2012 WL 1945144, at *6. Here, the Court finds that the balance of factors weighs in favor of approving the Settlement Agreement.

#### a. Likelihood of Success

The most important factor the Court must consider when approving an FLSA settlement "is the plaintiffs' probability of success on the merits, particularly when weighed against the recovery provided in the proposed settlement agreement." *Id.* The lower the likelihood of success, the more desirable a settlement. *Id.*

Here, the parties disagree about the merits of Plaintiffs' claims and the viability of Defendant's various defenses. While Plaintiffs allege that Defendant failed to pay them overtime for the time they worked in excess of forty hours per week, Defendant asserts that Plaintiffs were properly compensated. Because of the uncertainty surrounding Plaintiffs' likelihood of success, the Court finds that this factor weighs in favor of approval.

### b. Complexity and Expense of Litigation

The second factor the Court must consider is the complexity and expense of potential litigation. Here, Plaintiffs faced multiple, and potentially expensive, hurdles to victory. Some of these hurdles include overcoming a motion for decertification, a motion for summary judgement, and eventually a trial. The Settlement Agreement eliminates these burdens, and thus, weighs in favor of approval.

### c. Stage of Proceedings

The third factor is intended to ensure Plaintiffs have had access to the information needed to adequately assess their case and the desirability of the Settlement Agreement. *See id.* at \*7. This case has been pending for over three years, and the parties represent they have engaged in extensive discovery. Because Plaintiffs have had available to them all the information they needed to make an informed decision about the settlement, this factor weighs in favor of approval.

### d. Judgment of Experienced Counsel

By agreeing to this settlement, counsel for both parties have indicated their shared belief that the Settlement Agreement is fair, reasonable, and adequate. The Court gives great weight to the beliefs of experienced counsel. *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983) (Generally, "[t]he court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs."). Accordingly, this factor weighs in favor of approval.

### e. Nature of Negotiations

Before approving an FLSA settlement, the Court must be convinced that the parties' Settlement Agreement "is non-collusive and the product of arms-length negotiations." *Kritzer*, 2012 WL 1945144, at \*7. Here, the Settlement Agreement is a product of private mediation. Indeed, the parties prepared mediation memoranda and spent more than a half day on July 10, 2019

negotiating a settlement. Many issues were highly contested and resulted in motion practice. Given these representations, the Court is satisfied that the Settlement Agreement is a product of arms-length negotiations.

### f. Objections by Class Members

In evaluating an FLSA settlement agreement the Court is required to consider objections, if any, raised by class members. There have been no such objections in this case.

### g. Public Interest

The final factor the Court must consider is whether the public interest would be served by settlement. Because the parties' Settlement Agreement would end potentially long and protracted litigation, the Court finds that this factor weighs in favor of approval. *Id.* at *8 ("While this case is not of general public interest, the public interest in favoring settlement certainly applies here, as the proposed settlement ends potentially long and protracted litigation.").

In sum, each of the seven fairness factors weigh in favor of approving the parties' Settlement Agreement.

### 3. Whether the Attorneys' Fees and Costs Award is Reasonable

The Sixth Circuit has held that an award of attorneys' fees must be reasonable, meaning it must be "one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). The party seeking attorneys' fees bears the burden of documenting his entitlement to the award. *Id.* at 472. In determining whether the amount of an award is reasonable, "courts consider (1) the value of the benefit rendered for the class, (2) society's stake in rewarding attorneys who produce such benefits, (3) whether the services were undertaken on a contingent fee basis, (4) the value of the services on an hourly basis, (5) the complexity of the litigation, and (6) the professional skill and standing of the attorneys

involved. *Kritzer*, 2012 WL 1945144, *9. Here, counsel for Plaintiffs is set to receive a fees and costs award of $23,748.92 under the Settlement Agreement. The Court finds that the balance of factors weigh in favor of finding this amount reasonable.

### a. Value of Benefits Rendered

There is little doubt that the result Plaintiffs achieved in this case was exceptional. Indeed, each Plaintiff is expected to receive one-hundred percent or more of the damages they could have received at trial. This factor, therefore, weighs in favor of the proposed fees award.

### b. Societal Stake in Attorneys' Fees

The second factor, society's stake in rewarding attorneys who produce such benefits, also favors the proposed fees award. This is because "[s]ociety has a stake in rewarding attorneys who achieve a result that the individual class members probably could not obtain on their own." *See id.* Here, counsel was integral in helping Plaintiffs recover damages for unpaid wages.

### c. Whether Services were Undertaken on Contingent Fee Basis

Given that counsel took this case on a contingency fee basis, they "undertook the risk of not being compensated, a factor that cuts significantly in favor of awarding them a significant recovery here." *See id.* As such, this third factor favors the proposed fees award.

### d. Value of Services on Hourly Basis

As to the value of the services rendered on an hourly basis, this factor strongly weighs in favor of the proposed fees award. Counsel for Plaintiffs represent that they discounted their fees and costs award by almost eighty-five percent to settle this case. Hence, Plaintiffs received adequate representation at a bargain.

### e. Complexity of Litigation

With respect to the complexity of the litigation, this case has been pending for over three years and has involved extensive discovery, motion practice, and mediation. Furthermore, the claims and defenses in this suit have been contested until the end of this case. Thus, this factor weighs in favor of the proposed fee award.

### f. Skill of Counsel

The final factor, the professional skill and standing of the attorneys involved, also weighs in favor of the proposed fees award. Counsel has detailed the efforts that went into litigating and settling this case, as well as the reputation of the law firm involved. Moreover, because of counsel's efforts, Plaintiffs were able to recoup one-hundred percent, or more, of the total damages they could have received at trial. Accordingly, the Court finds that the proposed attorneys' fees and costs award is reasonable.

## IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** the Joint Motion for Settlement Approval [#121, #123].

**IT IS SO ORDERED.**

                                               **/s/ Algenon L. Marbley**
                                               **ALGENON L. MARBLEY**
                                               **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 2, 2020**